**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

TYRONE JOHNSON,

        PLAINTIFF,

v.                                   CIVIL ACTION NO.:

SKANSKA  USA CIVIL SOUTHEAST, INC.

        DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Tyrone Johnson, (hereinafter referred to as the "Plaintiff" or "Johnson"), by and through his undersigned attorney, sues defendant, SKANSKA USA CIVIL SOUTHEAST, INC.,  (hereinafter, "Defendant" or "SVU") and alleges as follows:

### *JURISDICTION AND VENUE*

1.    Plaintiff brings this is an action to remedy discrimination on the basis of race and national origin discrimination in the terms, conditions, and privileges of Plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, 42 U.S.C. § 1981, and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

1.    Jurisdiction is conferred upon the Court pursuant to Section 16(b) of

1

the FLSA, as amended, 29 U.S.C. § 216(b), and the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.     Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

3.     Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

4.     This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

5.     Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 201913264) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D201800829) on July 10, 2018 and received a determination from the FCHR on March 6, 2019. The FCHR determination was issued well in excess of 180 days from the date Plaintiff's COD was filed. The EEOC mailed a Right to Sue notice on April 16, 2019, and it was not received until on or about

April 19, 2019.

*PARTIES*

6.    Plaintiff is an African American male and a citizen of the State of Florida and a resident of Escambia County who resides in Pensacola, Florida. Plaintiff worked for defendant as a carpenter from his hire on or about March 6, 2017, until his unlawful termination on November 3, 2017.

7.    Defendant, Skanska Civil USA, is a foreign for profit Company which provides construction services in United States and Florida. Defendant is an employer within the meaning of Title VII, the FCRA, as it employs in excess of 15 employees.

*FACTS*

8.    Plaintiff is an African American male.

9.    Plaintiff was employed by Skanska USA and worked as a carpenter, until his unlawful termination on November 3, 2017.

10.    Plaintiff performed his duties in a more than satisfactory manner.

11.    In the fall of 2017, Plaintiff was assigned to a supervisor who was Mexican.

12.    This supervisor did not like African Americans.

13.    This Mexican supervisor would treat Plaintiff and the other African American workers less favorably than the other Mexican workers in his crew

3

which were mostly illegals.

14.    The supervisor and other Mexican workers would make racially derogatory remarks, comments and jokes and make Plaintiff, and the other African American on the crew, do all of the unfavorable assignments and tasks with the intent of trying to make the African Americans quit.

15.    Defendant has a policy that prohibits conduct or behavior such as derogatory comments, epithets, slurs, explicit jokes or any other unwelcome behavior based on legally protected status, race, color and national origin that has the purpose or effect of creating or contributing to an offensive or hostile work environment.

16.    Plaintiff reported this discrimination to members of senior management on multiple occasions and all his complaints were ignored.

17.    Defendant has an anti-retaliation policy for making harassment reports.

18.    Nevertheless, on November 3, 2017, Plaintiff's employment with Defendant was terminated.

## FIRST CAUSE OF ACTION
### (RACE DISCRIMINATION - 42 U.S.C. § 1981)

19.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

20.     This is an action to remedy discrimination on the basis of Plaintiff's race in the terms, conditions, and privileges of his employment with Defendant in violation of the race in violation of 42 U.S.C. § 1981.

21.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 1981.

22.     At all times material hereto, Defendant was an employer within the meaning of race in violation of 42 U.S.C. § 1981.

23.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's discrimination against him because of his race.

24.     The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under 42 U.S.C. § 1981.

25.     As a result of the Defendant's violations of the 42 U.S.C. § 1981, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

26.     As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the

unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

27.    Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

28.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1981.

SECOND CAUSE OF ACTION
(Race RETALIATION - 42 U.S.C. § 1981)

29.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

30.    This is an action to remedy retaliation by the Defendant in violation of 42 U.S.C. § 1981.

31.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 1981.

32.    At all times material hereto, Defendant was an employer within the meaning of 42 U.S.C. § 1981.

33.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

34.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under 42 U.S.C. § 1981, and such action clearly constituted a prohibited employment practice, contrary to the public policy of 42 U.S.C. § 1981..

35.    As a result of the Defendant's violations of 42 U.S.C. § 1981, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

36.    As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

37.    Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

38.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1981.

## THIRD CAUSE OF ACTION
(NATIONAL ORIGIN DISCRIMINATION - 42 U.S.C. § 1981)

39.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

40.   This is an action to remedy discrimination on the basis of Plaintiff's national origin in the terms, conditions, and privileges of his employment with Defendant in violation of the national origin in violation of 42 U.S.C. § 1981.

41.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 1981.

42.   At all times material hereto, Defendant was an employer within the meaning of national origin in violation of 42 U.S.C. § 1981.

43.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's discrimination against him because of his national origin.

44.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under 42 U.S.C. § 1981.

45.   As a result of the Defendant's violations of the 42 U.S.C. § 1981, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

8

46.     As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

47.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

48.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1981.

### FOURTH CAUSE OF ACTION
(NATIONAL ORIGIN RETALIATION - 42 U.S.C. § 1981)

49.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

50.     This is an action to remedy retaliation by the Defendant in violation of 42 U.S.C. § 1981.

51.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 1981.

52.     At all times material hereto, Defendant was an employer within the meaning of 42 U.S.C. § 1981.

53.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

54.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under 42 U.S.C. § 1981, and such action clearly constituted a prohibited employment practice, contrary to the public policy of 42 U.S.C. § 1981.

55.     As a result of the Defendant's violations of 42 U.S.C. § 1981, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

56.    As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

57.    Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

58.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1981.

### FIFTH CAUSE OF ACTION
(RACE DISCRIMINATION – TITLE VII)

59.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

60.     This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

61.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

62.     At all times material hereto, Defendant was an employer within the meaning of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, as the Defendant employed more than 15 employees.

63.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's discrimination against him for engaging in a protective activity.

11

64.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

65.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

66.    As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

67.    Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

68.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

## SIXTH CAUSE OF ACTION
### (RETALIATION – TITLE VII)

69.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

70.    This is an action to remedy retaliation by the Defendant in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

71.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

72.    At all times material hereto, Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, as the Defendant employed more than 15 employees.

73.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

74.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991,

and such action clearly constituted a prohibited employment practice, contrary to the public policy of Title VII.

75.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

76.    As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

77.    Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

78.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

<u>SEVENTH CAUSE OF ACTION</u>
(NATIONAL ORIGIN - DISCRIMINATION – TITLE VII)

14

79.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

80.     This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

81.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

82.     At all times material hereto, Defendant was an employer within the meaning of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, as the Defendant employed more than 15 employees.

83.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity.

84.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

85.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

86.   As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

87.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

88.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

## EIGHTH CAUSE OF ACTION
(NATIONAL ORIGIN RETALIATION – TITLE VII)

89.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

90.    This is an action to remedy retaliation by the Defendant in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

91.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

92.    At all times material hereto, Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, as the Defendant employed more than 15 employees.

93.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

94.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991,

and such action clearly constituted a prohibited employment practice, contrary to the public policy of Title VII.

95.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

96.    As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

97.    Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

98.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

### NINTH CAUSE OF ACTION
(NATIONAL ORIGIN - DISCRIMINATION – TITLE VII)

99.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

100.   This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

101.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

102.   At all times material hereto, Defendant was an employer within the meaning of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, as the Defendant employed more than 15 employees.

103.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's discrimination against him for engaging in a protective activity.

104. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

105.  As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

106.  As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

107.  Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

108.  Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

## TENTH CAUSE OF ACTION
### (NATIONAL ORIGIN RETALIATION – TITLE VII)

109.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

110.   This is an action to remedy retaliation by the Defendant in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

111.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

112.   At all times material hereto, Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, as the Defendant employed more than 15 employees.

113.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

114.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991,

and such action clearly constituted a prohibited employment practice, contrary to the public policy of Title VII.

115.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

116.   As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

117.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

118.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

<u>ELEVENTH CAUSE OF ACTION</u>
(RACE DISCRIMINATION – FCHR)

119.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

120.   This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

121.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

122.   At all times material hereto, Defendant was an employer within the meaning of race in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

123.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity.

124. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

125.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

126.   As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

127.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

128.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## TWELFTH CAUSE OF ACTION
### (RACE RETALIATION – FCHR)

129.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set

forth herein.

130.   This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

131.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

132.   At all times material hereto, Defendant was an employer within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

133.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

134.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the FCRA.

135.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in

that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

136.   As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

137.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

138.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

THIRTEENTH CAUSE OF ACTION
(NATIONAL ORIGIN DISCRIMINATION – FCHR)

139.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

140.   This is an action to remedy discrimination on the basis of Plaintiff's

disability in the terms, conditions, and privileges of his employment with Defendant in violation of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

141.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

142.   At all times material hereto, Defendant was an employer within the meaning of national origin in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

143.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's discrimination against him for engaging in a protective activity.

144.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

145.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained

compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

146.   As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

147.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

148.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## FOURTEENTH CAUSE OF ACTION
### (NATIONAL ORIGIN RETALIATION – FCHR)

149.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 18 of this complaint with the same force and effect as if set forth herein.

150.   This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida

Statutes.

151.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

152.   At all times material hereto, Defendant was an employer within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

153.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

154.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the FCRA.

155.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the

wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

156.   As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

157.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

158.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)      Declaring the acts and practices complained of herein are in violation of Title VII; the Florida Civil Rights Act (FCRA) and 42 U.S.C. § 1981;

b)      Enjoining and permanently restraining those violations of Title VII; the Florida Civil Rights Act (FCRA) and 42 U.S.C. § 1981;

c)      Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)      Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)      Awarding Plaintiff Front Pay in lieu of reinstatement;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)      Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: July 15, 2019.          By: */s/ Clayton M. Connors*
                                CLAYTON M. CONNORS
                                Florida Bar No.: 0095553
                                Email: cmc@westconlaw.com

R. JOHN WESTBERRY
Florida Bar No.: 244661
Email: rjw@westconlaw.com
**WESTBERRY & CONNORS, LLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388

Attorney for the Plaintiff:
TYRONE JOHNSON